NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3728-13T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ALEXIS ANDERSON, a/k/a
ALEXIS ALLEN ANDERSON,
a/k/a ALEXANDER ANDERSON,

 Defendant-Appellant.
__________________________________

 Submitted January 31, 2017 – Decided June 8, 2017

 Before Judges Messano and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County,
 Indictment No. 06-02-0263.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Rasheedah Terry, Designated
 Counsel, on the brief).

 Angelo J. Onofri, Mercer County Prosecutor,
 attorney for respondent (Laura Sunyak,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant Alexis Anderson appeals a February 26, 2014 order

that denied his petition for post-conviction relief (PCR) without

an evidentiary hearing. We affirm.

 I.

 Following a ten-day jury trial, defendant was convicted of

first-degree robbery, N.J.S.A. 2C:15-1;1 third-degree theft by

unlawful taking, N.J.S.A. 2C:20-3(a); first-degree kidnapping,

N.J.S.A. 2C:13-1(b); third-degree criminal restraint, N.J.S.A.

2C:13-2(a); second-degree possession of a firearm for an unlawful

purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession

of a handgun, N.J.S.A. 2C:39-5(b).

 Defendant was sentenced on the kidnapping charge to a twenty-

year term of incarceration subject to an 85% period of parole

ineligibility under the No Early Release Act (NERA), N.J.S.A.

2C:43-7.2. He also was sentenced to a concurrent sixteen-year

term of incarceration on the robbery conviction, subject to NERA

and to a concurrent five-year term for unlawful possession of a

handgun. The other counts were merged. We affirmed defendant's

1
 The original indictment cited N.J.S.A. 2C:12-1(b)(4). This was
amended subsequently to N.J.S.A. 2C:15-1.

 2 A-3728-13T1
convictions in 2010 in an unpublished opinion. State v. Anderson,

No. A-5878-07 (App. Div. July 21, 2010).2

 II.

 We relate only so much of our earlier opinion as is necessary

to resolve the issues in this appeal.

 In the late afternoon of October 13, 2005,
 Shawn Riley was walking down the street in
 Trenton when a green minivan pulled up
 alongside him. Three men jumped out of the
 van, holding guns, and began to beat Riley.
 He was pushed into the van but as the van took
 off, its door somehow opened; Riley hung out
 of the van screaming for help as it sped down
 the street. At some point, some of Riley's
 clothes were taken, as were his cell phone,
 wallet and keys. The van slowed down as it
 headed down Martin Luther King Boulevard
 toward Olden Avenue, and Riley was able to
 jump out. He knocked on the door of a nearby
 house, and the occupants summoned an
 ambulance.

 During the time that Riley was held in the
 van, five 9-1-1 calls were placed to report
 what was happening.

 . . . .

 When these calls were received, four members
 of the Mercer County Regional Violent Crime
 Interdiction Task Force were on patrol
 together. . . . [T]hey went in search of the
 green minivan.

2
 We remanded solely to correct the statutory citation for
defendant's first-degree robbery charge. The Supreme Court then
denied co-defendant Marty Alston's (Alston) petition for
certification. State v. Alston, 205 N.J. 77 (2011). The record
is unclear whether defendant also petitioned for certification.

 3 A-3728-13T1
Within a few minutes, they saw a green minivan
parked, with two black males getting out.
Officer Volkert testified that "they appeared
very nervous and they split up," one going to
the right, one going to the left. One,
subsequently identified as Anderson, had a
laceration on his face.

 . . . .

The officers observed blood on the outside of
the van, on the driver's side window and door,
and blood on the floor between the two front
seats.

 . . . .

The police later obtained a warrant to search
the van. The front passenger door and seat
were covered in blood. Within the van, the
police found a handgun with blood on the frame
and the handle, a pair of jeans, a pair of
black gloves, a single glove, a cell phone
case, a roll of duct tape, a roll of electrical
tape, an aluminum bat completely wrapped in
electrical tape and a leather restraining
instrument with a chain to bind someone. The
search did not turn up any black hoodies and
neither Alston nor Anderson was wearing a
black hoodie when he was stopped. The van was
registered in Alston's name. DNA testing
revealed the presence of Riley's blood in the
van and on Anderson's clothing.

Riley did not identify Alston or Anderson from
a photo array the police prepared. The police
also attempted to locate the individuals who
had called 9-1-1 but were unsuccessful.
9-1-1 records listed the addresses from which
the calls had been placed but when police went
to those addresses, no one would respond to
their knocking on the doors.

Alston took the stand and testified in his
defense.

 4 A-3728-13T1
 . . . .

 Anderson did not testify at the trial.

 [State v. Anderson, supra, slip op. at 3-8.]

 Defendant filed a pro se petition for PCR in March 2013,

claiming ineffective assistance of counsel. Appointed counsel

later filed a supplemental brief on defendant's behalf. Defendant

alleged his trial counsel provided ineffective assistance by

failing to discover the identities of individuals who had called

9-1-1 to report the robbery and kidnapping; by failing to interview

those individuals; by failing to object to one segment of the jury

charge; and by advising defendant not to testify on his own behalf.

With representation from counsel, defendant further asserted his

trial counsel failed to consult with him or adequately prepare the

case.

 Following oral argument, the PCR court denied defendant's

petition, without an evidentiary hearing, in a written opinion

dated February 26, 2014. Although defendant's PCR petition was

filed beyond the five-year period permitted by Rule 3:22-12(a),

the PCR court addressed the merits, finding that the "injustice

or extenuating circumstances" exception of Rule 1:1-2 and Rule

3:22-4 applied.

 The PCR court then found that defendant "fail[ed] to specify

an instance where trial counsel did not perform his duties as a

 5 A-3728-13T1
reasonably competent attorney would have." Moreover, defendant

did "not allege with any specificity how trial counsel failed to

communicate with him or at what point he sought more contact to

further his defense." Then, addressing defendant's claim that

trial counsel "failed to locate and interview the individuals who

placed the [9-1-1] calls [on] the night of the incident," the PCR

court found "there [was] no showing that trial counsel was

deficient in identifying the [9-1-1] callers" and it was "unknown

whether they would have provided any information tending to

exculpate [defendant]." Finally, because defendant did "not point

to a specific instance in the trial transcripts to support his

claims," the court rejected defendant's asserted objection to the

jury charge. It then found "there [was] no showing of deficient

performance by trial counsel" and rejected defendant's claim of

prejudice, denying his request for an evidentiary hearing.

 Defendant appealed presenting the following issues:

 POINT I – THE COURT SHOULD REVERSE THE PCR
 COURT'S ORDER THAT DENIED DEFENDANT'S PETITION
 FOR POST-CONVICTION RELIEF BECAUSE THE
 DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF
 COUNSEL IN THE PROCEEDINGS BELOW.

 A. Trial Counsel's Failure To Investigate and
 Discover the 9-1-1 Callers Constituted
 Ineffective Assistance of Counsel As Said
 Witnesses Would Have Bolstered The Defense's
 Theory Of The Case.

 6 A-3728-13T1
 B. Trial Counsel's Failure To Object To The
 Trial Court's Unclear Instruction Amounted To
 Ineffective Assistance of Counsel.

 C. Trial Counsel Provided Ineffectively [sic]
 Assistance of Counsel When He Imprudently
 Advised Defendant Not To Testify On His Own
 Behalf.

 D. Appellate And Post-Conviction Relief
 Counsel Provided Ineffective Assistance To The
 Extent That They Failed To Raise The
 Complained-Of Errors During The Proceedings
 Below.

 POINT II – THE COURT SHOULD REMAND THE MATTER
 FOR AN EVIDENTIARY HEARING.

We are not persuaded by any of these arguments.

 III.

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was formulated

in Strickland v. Washington, 466 U.S. 668, l04 S. Ct. 2052, 80 L.

Ed. 2d 674 (1984), and adopted by our Supreme Court in State v.

Fritz, l05 N.J. 42 (l987). In order to prevail on a claim of

ineffective assistance of counsel, defendant must meet the two-

prong test of establishing both that: (l) counsel's performance

was deficient and he or she made errors that were so egregious

that counsel was not functioning effectively as guaranteed by the

Sixth Amendment to the United States Constitution; and (2) the

defect in performance prejudiced defendant's rights to a fair

trial such that there exists a "reasonable probability that, but

 7 A-3728-13T1
for counsel's unprofessional errors, the result of the proceeding

would have been different." Strickland, supra, 466 U.S. at 687,

694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

 We discern no error by the PCR court in rejecting defendant's

claim that his trial counsel failed to adequately investigate the

case. "[C]ounsel has a duty to make reasonable investigations or

to make a reasonable decision that makes particular investigations

unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (alteration

in original) (quoting Strickland, supra, 466 U.S. at 691, 104 S.

Ct. at 2066, 80 L. Ed. 2d at 695). In evaluating whether trial

counsel adequately discharged that duty, "the reviewing court must

apply 'a heavy measure of deference to counsel's judgments.'"

Ibid. (quoting Strickland, supra, 466 U.S. at 691, 104 S. Ct. at

2066, 80 L. Ed. 2d at 695). "[W]hen a petitioner claims his trial

attorney inadequately investigated his case, he must assert the

facts that an investigation would have revealed, supported by

affidavits or certifications based upon the personal knowledge of

the affiant or the person making the certification." State v.

Porter, 216 N.J. 343, 353 (2013) (alteration in original) (quoting

State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif.

denied, 162 N.J. 199 (1999)).

 Defendant pointed to no specific instances where counsel's

performance during pretrial motions or at trial was not reasonable

 8 A-3728-13T1
by an objective standard. Defendant continues to argue that he

did not participate in the robbery or kidnapping despite our

affirmance of his convictions. He speculates that had trial

counsel been able to contact the 9-1-1 callers that this might

"shed light on the actual events that occurred on March 13, 2005."

However, the police were not able to contact these callers nor was

there any indication that if contacted they would support

defendant's version. Under these circumstances, the PCR court

properly rejected defendant's claim that trial counsel erred by

not contacting these callers.

 Defendant contends his trial counsel was ineffective for

failing to object to a certain portion of the jury charge.

Specifically, while reviewing the verdict sheet for the robbery

charge, the court instructed:

 In this case, the State alleges that the
 defendants were armed with a handgun. You
 must determine if this object qualifies as a
 deadly weapon and if the State has proven
 beyond a reasonable doubt that the defendants,
 either or both of them, used it in the course
 of committing this robbery.

Defendant takes issue with the judge's use of the word "this" in

reference to the robbery, rather than "alleged," arguing that the

"charge was misleading because it relieved the State of its burden

of proving that he committed the robbery beyond a reasonable

doubt."

 9 A-3728-13T1
 "Clear and correct jury charges are essential to a fair trial,

and the failure to provide them may constitute plain error." State

v. Viera, 346 N.J. Super. 198, 210 (App. Div. 2001) (citing State

v. Robinson, 165 N.J. 32, 40 (2000)), certif. denied, 174 N.J. 38

(2002). However, "[t]he alleged error [in the instructions] is

viewed in the totality of the entire charge, not in isolation."

State v. Nero, 195 N.J. 397, 407 (2008) (quoting State v. Chapland,

187 N.J. 275, 288-89 (2006)).

 Because defendant failed to raise the issue about the jury

instruction on direct appeal, he is barred from raising it now.

See R. 3:22-4. However, we also are satisfied that defendant was

not deprived of effective assistance of counsel in light of the

totality of the charge that thoroughly instructed the jury on the

appropriate burden of proof and the elements for each of the counts

on which defendant was convicted.

 Defendant claims that his trial counsel was ineffective for

advising him not to testify. Defendant argues that "his testimony

would have provided the jury with much needed pieces of the

puzzle."

 "The right to testify on one's behalf at a criminal trial has

sources in several provisions of the Constitution[,]" Rock v.

Arkansas, 483 U.S. 44, 51, 107 S. Ct. 2704, 2708-09, 97 L. Ed. 2d

37, 46 (1987), and is "essential to due process of law in a fair

 10 A-3728-13T1
adversary process." Ibid. (quoting Faretta v. California, 422

U.S. 806, 819 n.15, 95 S. Ct. 2525, 2533 n.15, 45 L. Ed. 2d 562,

572 n.15 (1975)). However, the court's review of counsel's

tactical decision of which witnesses to call "should be 'highly

deferential.'" State v. Arthur, 184 N.J. 307, 321 (2005) (quoting

Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed.

2d at 694).

 We discern no error in rejecting this claim. Defendant had

prior convictions that would have been admissible on cross-

examination to attack his credibility pursuant to N.J.R.E. 609.

Moreover, his testimony as proffered in his PCR petition would

plainly have placed him at the scene of the robbery, which

admission was avoided by the strategy taken at trial. Defendant

cannot show that the outcome would have been different had he

testified. See Strickland, supra, 466 U.S. at 687, 694, 104 S.

Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

 Finally, defendant's new claim that both his appellate and

PCR counsel were ineffective does not warrant relief. "Generally,

an appellate court will not consider issues, even constitutional

ones, which were not raised below." State v. Galicia, 210 N.J.

364, 383 (2012) (citations omitted). However, even were we to

consider this claim, defendant failed to make any specific

allegations of ineffectiveness, warranting its rejection.

 11 A-3728-13T1
 Having failed to demonstrate prima facie evidence of

ineffective assistance, the PCR court correctly concluded an

evidentiary hearing was not warranted. See State v. Preciose, 129

N.J. 452, 462-63 (1992).

 Affirmed.

 12 A-3728-13T1